## EVERTS v. C. D. SHAMBURGER LUMBER CO. (No. 12186.)

Court of Civil Appeals of Texas. Fort Worth. Sept. 28, 1929.

De Montel & Sanford, of Wichita Falls, for appellant.

Mathis & Caldwell, of Wichita Falls, for appellee.

CONNER, C. J. The appellee lumber company instituted this suit in a justice court of Wichita county against the appellant C. A. Everts and H. A. Erwin to recover the sum of $116 alleged to be due upon an account for a specified number of sacks of cement, etc. The record fails to disclose written pleadings on behalf of plaintiff lumber company in the justice court, but the citation issued for service upon the defendant charges that Erwin and Everts were partners, and, as such, liable. The defendant Everts filed written pleas of a general denial and a verified plea denying the partnership. The record fails to disclose any written pleading in behalf of defendant Erwin.

The trial in the justice court resulted in a judgment in favor of the plaintiff lumber company, from which the defendant Everts duly prosecuted an appeal to the county court, where, upon a trial de novo, the plaintiff again recovered judgment as prayed for, and this appeal has been duly prosecuted from the judgment in the county court.

Without a discussion of appellee's objections to the sufficiency of the sole proposition upon which appellant bases his appeal, we think the judgment below must be affirmed. Giving appellant's proposition and the assignment of error upon which it is based the most liberal construction permissible, the sole question presented for our consideration is whether the evidence is sufficient to support the findings and judgments of both courts below, to the effect that appellant is liable for the payment of the account upon which appellee sued. The undisputed evidence is to the effect that appellant Everts entered into a written contract with H. A. Erwin, the owner of an oil lease, by the terms of which an oil well was to be drilled on the land described in the lease, and Everts was to become the owner of an undivided one-half interest on the payment of specified sums on specified dates. After the completion of the first well, the further development of the lease and the expenses thereby incurred was to be jointly borne by the parties. The contract further provided that the first well should be drilled by Erwin, with casing set, at Erwin's expense except as shown by the following quotation from the contract, to wit:

"It is further agreed that each of the parties hereto are to pay equally the cost of the casing delivered on the ground, but the first party is to set the same and bail the well.

"It is further agreed that if said well is a dry hole, then the parties hereto shall bear equally the expense of salvaging said casing in the hole and participate equally in the sale thereof.

"If said well is a producer, then all expense of the operation of the same, and the expense of future development of said property shall be borne equally by the parties hereto."

The evidence further shows without dispute that it became necessary to procure casing for insertion in the well, and that Erwin purchased from a party, or parties, to whom he had been referred by appellant, Everts, some $300 worth of second-hand casing; that during the progress of the drilling, and when the casing had been lowered some 600 or 800 feet, a split or hole developed in one of the sections of the pipe, and it became necessary to either withdraw the pipe and replace the defective section with one without defect, or to attempt to close the split or hold by cementing it, and Erwin thereupon purchased from the appellee lumber company the sacks of cement specified in the account declared upon. Everts testified that he knew nothing of this, and denied liability for the payment of any part of the cement, on the theory that the setting of the casing by the terms of the contract was to be borne exclusively by Erwin.

Appellant insists that "the mere purchase of an interest in a lease. does not of itself render the purchaser liable as a partner although the instrument of purchase contemplates the completion of a well on a lease by the seller," citing Bolding v. Camp (Tex. Com. App.) 6 S.W.(2d) 94. We think this may be conceded, but we are not prepared to hold that the written contract between Erwin and Everts constitutes a "mere purchase of an interest in" the lease referred to in the contract. The specific terms contained in the lease which we have quoted imposes a contractual liability upon appellant to share in the cost of the casing required for the completion of the well. In its larger aspect, both Everts and Erwin were interested in the completion of the well, and there is no contention that it was not necessary for the accomplishment of the undertaking to procure casing. On the contrary, the necessity for the purchase of the necessary amount of casing is expressly recognized in the contract, and appellant and Erwin specifically bound themselves for its procurement and payment. The procurement and payment of the casing was certainly a joint undertaking on the part of the two parties to the contract. The evidence certainly warrants the conclusion that must be imputed to the judgment below that the split or hole in the casing developed, and it is not suggested that it was unnecessary for the defective section to be replaced or patched or that the split or hole was brought about by any negligence on Erwin's part in setting the casing to the depth the split or hole developed itself; or that Erwin was guilty of any negligence in a failure to inspect the casing before its insertion in the well.

We think it was within the contemplation of the contract that the casing to be used should be fit for the purpose, and that from appellant's undertaking to procure the casing a warranty must be implied that it should

54

be fit for the purpose intended, and that, in the absence of a want of good faith on Erwin's part in its procurement, and a want of a showing of negligence on his part in a failure to inspect for injuries to the casing, or by reason of his manner of setting, appellant bore such joint and contractual relation to the matter as renders him liable, together with Erwin, for the account declared upon by appellee.

The judgment below is accordingly affirmed.